**WO**                                                                            TCK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 05-767-001-PHX-NVW |
| | ) | |
| Plaintiff, | ) | No. CV 05-3180-PHX-NVW (DKD) |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jose Delgado Catalan, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| _____ | ) | |

        Movant Jose Delgado Catalan, presently confined in the Central Arizona Detention Center in Florence, Arizona, has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  Movant challenges his conviction for illegal re-entry. Movant has failed to set forth precise constitutional grounds for relief.

**A.  <u>Failure to Comply with Rule 2(b) and Properly Utilize the Court-Approved Form</u>**

        Under Rule 2(b) of the Rules Governing Section 2255 Cases, a motion to vacate shall specify all the grounds for relief which are available to the moving party and shall state the facts supporting each ground.  In addition, the local rules of this Court require a Movant to use the court-approved form for filing a motion pursuant to 28 U.S.C. § 2255.  <u>See</u> LRCiv 3.2(a).

**TERMPSREF**

1    Movant has technically filed his Motion on the court-approved form, but he has not

2    properly used the form in presenting his claims.  He has failed to identify each ground for

3    relief.  Movant has not sufficiently stated so that the grounds are not ambiguous.   In

4    summary, the way in which Movant has filled out the form violates Rule 2(b) and defeats the

5    purpose of the requirement of LRCiv 3.5(a) to use an approved form.

6    **B.    Amendment**

7    In light of the foregoing defects, the Court will dismiss the Motion with leave to

8    amend.  Any Amended Motion must be submitted on the court-approved form and signed

9    under penalty of perjury.  In particular, Movant must list each ground for relief and state the

10   facts supporting each ground.  Movant is advised that the Amended Motion must be retyped

11   or rewritten in its entirety on a court-approved form and may not incorporate any part of the

12   original Motion by reference.  Any Amended Motion submitted by Movant should be clearly

13   designated as such on the face of the document.  The Clerk of Court will be directed to

14   provide Movant with a form for filing a § 2255 action.

15   Movant is further advised that an amended § 2255 Motion supersedes the original

16   Motion.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915

17   (1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).

18   After amendment, the original pleading is treated as nonexistent.  Ferdik, 963 F.2d at 1262.

19   Thus, grounds for relief alleged in the original Motion which are not alleged in the amended

20   Motion are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

21   **C.    Rule 41 Cautionary Notice**

22   Movant should take notice that if he fails to timely comply with every provision of

23   this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

24   41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

25   61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the

26   Court), cert. denied, 506 U.S. 915 (1992).

27

28

**IT IS THEREFORE ORDERED:**

(1)  That the Motion is dismissed with leave to amend.  Movant shall have 30 days from the date of filing of this Order to file an Amended Motion in accordance with the Court's Order;

(2)  That the Clerk of the Court shall enter a judgment of dismissal of this action without prejudice and of the accompanying civil action (No CV 05-3180-PHX-NVW (DKD)) and without further notice to the Movant if he fails to file an Amended Motion within 30 days of the filing date of this Order;

(3)  That at all times during the pendency of this action, Movant  shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and

(4)  That the Clerk of Court is directed to provide to Movant a current court-approved form for filing a Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (28 U.S.C. § 2255).

DATED this 25th day of October, 2005.


_____
Neil V. Wake
United States District Judge